

FILE
IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE    MAR 1 5 2018
Fairhurst, CJ.
CHIEF JUSTICE

This opinion was filed for record

at 8:00 Am on March 15, 2018

SUSAN L. CARLSON
SUPREME COURT CLERK

## IN THE SUPREME COURT OF THE STATE OF WASHINGTON

FUTURESELECT PORTFOLIO
MANAGEMENT, INC., FUTURESELECT
PRIME ADVISOR II LLC, THE
MERRIWELL FUND, L.P., AND
TELESIS IIW, LLC,

                   Petitioners,

    v.

TREMONT GROUP HOLDINGS, INC.,
TREMONT PARTNERS, INC.,
OPPENHEIMER ACQUISITION
CORPORATION, MASSACHUSETTS
MUTUAL LIFE INSURANCE CO.,
GOLDSTEIN GOLUB KESSLER LLP,
ERNST & YOUNG LLP,

                   Defendants,

    and

KPMG LLP,

                   Respondent.

NO. 93824-5

EN BANC

Filed    MAR 1 5 2018

STEPHENS, J.—FutureSelect Portfolio Management Inc. seeks to challenge

a 2011 King County Superior Court order granting KPMG LLP's motion to compel

arbitration. FutureSelect argues that the Court of Appeals erred by dismissing its appeal as untimely because either the relevant law changed after 2011 in our decision in *Hill v. Garda CL Northwest, Inc.*, 179 Wn.2d 47, 308 P.3d 635 (2013), the 2016 appeal followed entry of a final judgment against another defendant, or discretionary review was appropriate. Because none of these rationales provides a basis for FutureSelect's untimely appeal, we uphold the Court of Appeals' order of dismissal.

## FACTS AND PROCEDURAL HISTORY

Lead plaintiff FutureSelect is headquartered in Washington, and it manages a number of investment funds. The second named defendant, Tremont Partners Inc., is headquartered in New York and serves as the general partner to the Rye Funds, whose status as feeder funds to Bernard L. Madoff Investment Securities LLC (BMIS) is at the heart of this dispute. Tremont allegedly offered FutureSelect a valuable opportunity to invest with BMIS, and made assurances regarding its oversight and understanding of BMIS's operation. Relying on these assurances and the audit opinions of the accounting firm hired by Tremont, FutureSelect decided to invest in the Rye Funds in 1998. Between 1998 and late 2008, when BMIS's Ponzi scheme finally came to light, FutureSelect continued investing additional funds in the Rye Funds allegedly based on the representations it regularly received from Tremont and its auditors. In all, FutureSelect invested $195 million with Tremont.

But, BMIS never invested any of this capital channeled through Rye Funds. As a result, FutureSelect lost its entire investment. *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.* 180 Wn.2d 954, 960-61, 331 P.3d 29 (2014). Believing that it was misled by Tremont, FutureSelect sued Tremont and its parent companies Massachusetts Mutual Life Insurance Company and Oppenheimer Acquisition Corporation in August 2010; as well as Tremont's auditors—Ernst & Young (EY), KPMG, and Goldstein Golub Kessler LLP. Clerk's Papers (CP) at 1-51 (Compl).

On June 3, 2011, the trial court granted KPMG's motion to compel arbitration and stayed the case against KPMG pending resolution of these arbitration proceedings. CP at 400-01 (Order Granting KPMG LLP's Mot. to Compel Arbitration). FutureSelect filed a notice of appeal, to which KPMG responded with a motion to dismiss, arguing that the order compelling arbitration was not immediately appealable and that discretionary review was not warranted under RAP 2.3(b). KPMG LLP's Mot. to Dismiss Appeal, No. 67302-5-I, at 5-9 (Wash. Ct. App. May 11, 2011). On November 11, 2011, a three-judge panel granted KPMG's motion to dismiss and denied discretionary review, thus terminating review. FutureSelect did not seek further review of the order in this court, and a certificate of finality was issued on December 30, 2011. Notation Ruling, No. 74611-1-I, at 2 (Wash. Ct. App. May 20, 2016).

FutureSelect then indicated to the superior court that it intended to proceed with arbitration of claims against KPMG without delay. It did so in the context of seeking a certificate of finality of orders dismissing other defendants. *See* CP at 762, 764 (Pls.' Mot. for Entry of Final J. at 5, 7) ("The arbitration between Plaintiffs and KPMG will be a complex proceeding that will take several years to resolve. . . . [A]n appeal of the judgments in favor of the Dismissed Defendants would not delay this action, which has been stayed, and will not delay the arbitration proceedings against Plaintiffs and KPMG.").[1] To date, FutureSelect and KPMG have not initiated arbitration proceedings.

After settling with several defendants, FutureSelect obtained a judgment against another defendant, auditor EY. CP at 701-03 (J. for Pls.). A different trial judge had earlier denied EY's motion to compel arbitration, based on waiver and a

---

[1] *See also* CP at 769-70 (Proposed Order Granting Mot. for Entry of Final J. (adopted by the superior court Dec. 13, 2011)):

> There is no just reason to delay the appeal of these judgments for potentially years until completion of unscheduled arbitration proceedings to which Tremont, [Oppenheimer, Massachusetts Mutual, and EY] are not parties. . . . [T]he questions to be reviewed on appeal are no longer before this Court as the remaining claims against KPMG shall proceed to arbitration. . . . [A]ny review of the KPMG claims by this Court will be limited to confirming, vacating, modifying or correcting an arbitration award. *See* RCW 7.04A.220. . . . Plaintiffs' immediate appeal will not delay the adjudication of the remaining claims against KPMG, which may proceed to arbitration while Plaintiffs pursue their appeal.

finding that the plaintiffs were not bound by the engagement agreement with the auditor, as they were not signatories and their claims were direct rather than derivative.[2]

In January 2016, FutureSelect filed a notice of appeal of the same June 3, 2011 order compelling arbitration with KPMG that it had unsuccessfully appealed in 2011. KPMG moved to dismiss, arguing that the June 2011 order was not properly before the Court of Appeals. The Court of Appeals commissioner dismissed the appeal as untimely. *See* Notation Ruling at 3. A panel of the Court of Appeals denied FutureSelect's motion to modify. Order Den. Mot. to Modify, No. 74611-1-I (Wash. Ct. App. Oct. 5, 2016). FutureSelect then sought review in this court.[3]

## ANALYSIS

Although FutureSelect asserts a global right to immediately appeal from an order compelling arbitration, this case is less about arbitration rules than appellate

---

[2] *See* CP at 692-93 (Order Den. Mot. to Compel Arbitration) ("The court concludes that the Plaintiffs are not bound by the arbitration clause in EY's audit engagement agreements because the Plaintiff did not sign EY's agreements and their claims are direct claims against EY, not derivative claims. . . . The court also concludes that even if the Plaintiffs' claims were to be categorized as derivative claims, EY has waived its right to demand arbitration. EY's motion to compel arbitration and stay this case therefore is denied.").

[3] Although FutureSelect petitioned this court for review of a decision terminating review under RAP 13.4, our deputy clerk properly redesignated the petition as a motion for discretionary review of an interlocutory decision pursuant to RAP 13.3(d). Ruling Den. Review, No. 93824-5, at 2 n.1 (Wash. Mar. 24, 2017).

rules. FutureSelect primarily argues that at this juncture our review is appropriate because the prior rulings in 2011 conflict with our intervening decision in *Hill*, 179 Wn.2d 47. FutureSelect also argues that review is timely following entry of a final judgment against EY, and that discretionary review should have been granted in any event. All of these arguments fail. The Court of Appeals properly dismissed FutureSelect's appeal as untimely.

I.      *Hill* Does Not Provide a Basis for Review of the 2011 Order
        Compelling Arbitration

In *Hill*, we granted discretionary review of a labor dispute and reversed the Court of Appeals affirmation of a trial court order compelling arbitration because we found the arbitration clause unconscionable. *Id.* at 50. In rejecting an argument to not reach the unconscionability issue, we observed in *Hill* that

> "arbitration is a matter of contract and a party cannot be required to submit
> to arbitration any dispute which he has not agreed so to submit." To that end,
> we have recognized our authority to decide "gateway dispute[s]." These
> types of disputes go to the validity of the contract and are preserved for
> judicial determination, as opposed to arbitrator determination, unless the
> parties' agreement clearly and unmistakably provides otherwise.
> Unconscionability is one such gateway dispute.

*Id.* at 53 (alteration in original) (internal quotation marks and citations omitted) (quoting *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 809-10, 225 P.3d 213 (2009)).

In *Hill*, we recognized that an order *declining* to compel arbitration is immediately appealable in part because "'[i]f a trial court does not compel arbitration and there is no immediate right to appeal, the party seeking arbitration must proceed through costly and lengthy litigation before having the opportunity to appeal, by which time such an appeal is too late to be effective.'" *Id.* at 54 (alteration in original) (quoting *Stein v. Geonerco, Inc.*, 105 Wn. App. 41, 44, 17 P.3d 1266 (2001)). We reasoned that "[w]hile we have never addressed whether the opposite is always true, similar considerations are at play. If a court compels arbitration without deciding the validity of the arbitration clause, a party may be forced to proceed through a potentially costly arbitration before having the opportunity to appeal. This is particularly a concern where an arbitration clause imposes all or some of the costs of arbitration on the disfavored party." *Id.* We added that we found "no support in the rules of procedure or case law for the Court of Appeals' decision to compel arbitration without considering whether the arbitration clause is even valid." *Id.* at 55.

FutureSelect relies on *Hill* to argue that the "gateway dispute" in this case concerns whether it, as a nonsignatory to the KPMG engagement agreement, can be compelled to arbitrate while forgoing its right to a jury trial. Mot. for Discr. Review at 12, 17. FutureSelect insists that *Hill* proclaimed new precedent that overturned

settled law prohibiting the immediate appeal of an order compelling arbitration. Pet'rs' Mot. to Modify Ruling of Comm'r at 6-11.

KPMG responds that *Hill* cannot reasonably be read to overrule seven decades of established law regarding the right to appeal an order compelling arbitration, as the opinion contains no discussion of the relevant cases, statues, and appellate rules. KPMG LLP's Answer in Opp'n to Mot. to Modify Comm'r's Ruling at 6-7, 9. KPMG further argues that even if *Hill* changed the law, that change does not provide any basis for granting review of a five-year-old order compelling arbitration. *Id.* at 7.

We agree with KPMG and uphold the order dismissing FutureSelect's appeal. Our decision in *Hill* did not announce a holding that orders compelling arbitration are immediately appealable, and FutureSelect's 2016 appeal remains untimely.

FutureSelect reads too much into our decision in *Hill*, which came up on discretionary review, and the sole holding regards unconscionability of the particular arbitration agreement. *Hill*, 179 Wn.2d at 52-54. *Hill* did not decide appealability of orders compelling arbitration as a matter of right. While language in *Hill* suggests there are similar concerns for parties in being able to appeal both orders declining and compelling arbitration, this language is dicta.

In *Hill*, we did not address RAP 2.2 regarding trial court decisions that may be appealed. Nor did we reference Washington's uniform arbitration act, chapter 7.04A RCW, including RCW 7.04A.070(6) (providing that a court shall stay any judicial proceeding that involves a claim subject to the arbitration until the court renders a final decision), RCW 7.04A.280 (providing that an appeal may be taken from an order denying a motion to compel arbitration, without also mentioning an order compelling arbitration), RCW 7.04A.230 (setting forth circumstances in which the court shall vacate or confirm an arbitration award), and RCW 7.04A.250 (regarding entry of judgment). We also did not discuss several cases holding that orders compelling arbitration are not immediately appealable. *See Saleemi v. Doctor's Assocs.*, 176 Wn.2d 368, 376, 292 P.3d 108 (2013) ("At the time of the order compelling arbitration, [petitioner] had only a right to move for discretionary review under RAP 2.3, not for review as of right under RAP 2.2."); *All-Rite Contracting Co. v. Omey*, 27 Wn.2d 898, 901, 181 P.2d 636 (1947) ("an appeal cannot be taken from an order to proceed with arbitration"). If we were going to overturn decades of settled law, we would not do so sub silentio without citation to previously controlling authorities.

Even if *Hill* could be read to change the law on appealability, that does not support appellate "reconsideration" of the 2011 Court of Appeals order dismissing

review. FutureSelect relies on RAP 2.5(c), but that rule does not allow us to apply a recent decision to overturn a final Court of Appeals decision. RAP 2.5(c)(2) simply restricts the law of the case doctrine when a case is on appeal a second time following remand.[4] There is no second appeal at issue in this case, which remains stayed in the trial court pending arbitration.

FutureSelect seems to acknowledge that RAP 2.5(c)(1) is not applicable unless "'a trial court decision is otherwise properly before the appellate court.'" Pet'rs' Mot. to Modify Ruling of Comm'r at 13 (quoting RAP 2.5(c)(1)). However, it argues that intervening law justifies revisiting the 2011 Court of Appeals decision under RAP 2.5(c)(2) since "'[a]n appellate court's discretion to disregard the law of the case doctrine is at its apex when there has been a subsequent change in controlling precedent on appeal.'" Suppl. Br. of Pet'rs at 11-12 (quoting *Roberson v. Perez*, 156 Wn.2d 33, 43, 123 P.3d 844 (2005)). Unlike FutureSelect's petition, however, *Roberson* was independently before the Court of Appeals on a prior judgment followed by a jury verdict. *Roberson*, 156 Wn.2d at 37-39.

---

[4] "**Law of the Case Doctrine Restricted.** The following provisions apply if the same case is again before the appellate court following a remand: . . . The appellate court may at the instance of a party review the propriety of an earlier decision of the appellate court in the same case and, where justice would best be served, decide the case on the basis of the appellate court's opinion of the law at the time of the later review." RAP 2.5(c)(2).

For the proposition that RAP 2.5(c)(2) creates an immediate appeal as of right, FutureSelect cites *State v. Schwab*, 134 Wn. App. 635, 141 P.3d 658 (2006). That case is distinguishable. In terms of appellate jurisdiction, *Schwab* was before the Court of Appeals a second time, on Schwab's appeal of his manslaughter judgment and sentence and the State's motion to recall an earlier mandate. *Id.* at 641. In contrast, FutureSelect's 2016 petition attempts to reopen the 2011 decision by the Court of Appeals in the first instance; the case is not otherwise on appeal a second time. Therefore, RAP 2.5(c)(2) is not applicable. FutureSelect's argument that the decisions of the commissioners at the Court of Appeals and Washington Supreme Court render RAP 2.5(c)(2) meaningless by applying a timeliness bar ignores the rule's applicability to second appeal or motion contexts. *See* Pet'rs' Mot. to Modify Ruling of Comm'r at 14.

Further, KPMG points out that application of RAP 2.5(c)(2) is ultimately discretionary. Suppl. Br. of Resp't at 20 (citing *State v. Schwab*, 163 Wn.2d 664, 674, 185 P.3d 1151 (2008)). *Hill*, standing alone, provides no basis to now review the 2011 trial court order without regard to the earlier, final appeal. The possibility of new arguments does not confer appellate jurisdiction to review a years-old order long after the 30-day window to appeal has expired. RAP 5.2(a). Moreover, *Hill*

was decided nearly two years before FutureSelect asserted it as a basis for allowing an "immediate" appeal of the 2011 order.

II. The 2016 Judgment against EY Is Not a Final Judgment That Allows for Appeal of the 2011 Order Compelling Arbitration against KPMG; No Appeal as a Matter of Right Applies

FutureSelect alternatively argues that review of the 2011 trial court order is now appealable following entry of the 2016 final judgment against EY. The current appeal was filed within 30 days of that EY judgment. Nonetheless, that judgment does not bring up for review the order compelling arbitration with KPMG.

FutureSelect relies in part on RAP 2.2(d), providing that "[i]n any case with multiple parties or multiple claims for relief . . . , an appeal may be taken from a final judgment that does not dispose of all the claims or counts as to all the parties, but only after an express direction by the trial court for entry of judgment and an express determination in the judgment, supported by written findings, that there is no just reason for delay." Pet'rs' Reply in Supp. of Its Mot. to Modify Ruling of Comm'r at 9. Initially, the trial court never entered the required order to allow appeal of the KPMG matter. FutureSelect neglects to remind us that it previously requested that the trial court bifurcate the arbitration proceedings it intended to pursue against KPMG from the claims against the other, dismissed defendants it requested final

judgment on. *See* CP at 763 (Pls.' Mot. for Entry of Final J. at 6). FutureSelect

argued before the superior court:

> First, the claims against the Dismissed Defendants that Plaintiffs seek to appeal are separate from the claims against KPMG, the only defendant remaining before the trial court. Two counts of the Complaint are against KPMG; the remaining thirteen counts are against the Dismissed Defendants. Second, the issues to be raised in Plaintiffs' appeal will not be considered by this Court. Pursuant to this Court's order, the only claims remaining in this Court have been stayed and must proceed to arbitration.

*Id.* Curiously, FutureSelect asks this court to now accept that the 2016 judgment

against another auditor unseparates the claims that FutureSelect successfully asked

the trial court to separate in 2011. We reject this attempt at revisionist history.[5]

---

[5] FutureSelect argued previously that the trial court granted a stay of litigation against KPMG pending the outcome of the EY trial. *See* Pet'rs' Mot. to Modify Ruling of Comm'r at 4 ("On November 11, 2011, a three-judge panel of the Court of Appeals granted KPMG's motion to dismiss and denied discretionary review. A certificate of finality was issued on December 30, 2011, and all litigation against KPMG was stayed pending resolution of FutureSelect's *claims against other parties*." (emphasis added)); Pet'rs' Reply in Supp. of Its Mot. to Modify Ruling of Comm'r at 8-9 (arguing that "following the *Hill* decision, the denial of a similar motion to compel by EY, *the imposition of a stay pending the outcome of the EY trial*, and the conclusion of that EY trial—and upon entry of final judgment—FutureSelect timely filed the present appeal"). At oral argument, FutureSelect conceded that the stay was actually granted pending resolution of the arbitration against KPMG. Wash. Supreme Court oral argument, *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, No. 93824-5 (Jan. 18, 2018), at 9 min., 0 sec. through 9 min., 20 sec., *recording by* TVW, Washington State's Public Affairs Network, *available at* https://www.tvw.org. This concession is appropriate in light of the record. *See* CP at 400-01 (Order Granting KPMG LLP's Mot. to Compel Arbitration) ("Plaintiffs' claims against KPMG are subject to mandatory arbitration and this action shall be stayed pending resolution of that arbitration.").

Moreover, to the extent FutureSelect is arguing that the judgment against EY is a final judgment from which a timely appeal should be measured under RAP 2.2(a)(1), it is wrong. *See* Mot. for Discr. Review at 14. Plainly, that judgment did not resolve all claims against all parties, as FutureSelect's claims against KPMG remain and other orders had already resolved claims against other parties. *See* Pet'rs' Mot. to Modify Ruling of Comm'r at 5 (contending that after entry of final judgment against EY following jury verdict, "[a]ll claims against all defendants were resolved, except for the claims against KPMG"). The long-standing rule with respect to appeal of arbitration awards is that the relevant final judgment is the judgment confirming the arbitration award. *Teufel Constr. Co. v. Am. Arbitration Ass'n*, 3 Wn. App. 24, 25-26, 472 P.2d 572 (1970) (citing *All-Rite Contracting Co.*, 27 Wn.2d at 901). While FutureSelect will have a right to appeal from a final judgment, no such judgment has been entered in this case.

Even if FutureSelect were correct about *Hill* proclaiming a new opportunity to appeal an order compelling arbitration as a matter of right, the basis for that appeal would be under RAP 2.2(a)(3), just as with an order denying a motion to compel arbitration. *See Hill*, 179 Wn.2d at 54 (citing *Stein*, 105 Wn. App. at 44-45) (a decision denying a motion to compel arbitration is immediately appealable under RAP 2.2(a)(3) because the order denying arbitration discontinues the "action for

arbitration," thereby affecting a "substantial right" in the arbitration action). As our commissioner correctly recognized, "Assuming RAP 2.2(a)(3) applied to the June 3, 2011 order, FutureSelect would have had 30 days after the entry of the decision to file a notice of appeal. *See* RAP 5.2(a). While failure to appeal would not necessarily foreclose later review, that later review would be appropriate upon entry of final judgment under RAP 2.2(a)(1)." Ruling Den. Review at 7 n.3.[6]

Because we did not explicitly overrule established case law in *Hill*, that case provides no avenue for review by FutureSelect. *See Saleemi*, 176 Wn.2d at 376 ("At the time of the order compelling arbitration, [petitioner] had only a right to move for discretionary review under RAP 2.3, not for review as of right under RAP 2.2."). Nor is there any basis to treat the 2011 arbitration order as being immediately appealable after the 2016 EY judgment. The only other basis FutureSelect asserts for review at this juncture is pure discretionary review, which the Court of Appeals properly denied.

---

[6] Additionally, it is not enough for FutureSelect to argue that it is entitled to review as a matter of right under RAP 6.1. *See* Pet'rs' Reply in Supp. of Mot. to Modify at 3-4 ("RAP 6.1 states that '[t]he appellate court "accepts review" of a trial court decision upon the timely filing in the trial court of a notice of appeal from a decision which is reviewable as a matter of right'"). That review still must be sought within 30 days. RAP 5.2(a).

III.   There is No Basis for Granting Discretionary Review of the Order Compelling Arbitration

FutureSelect alternatively requests discretionary review of the trial court order compelling arbitration under RAP 2.3(b)(2) on the ground that the superior court committed probable error and its decision substantially alters the status quo or substantially limits the freedom of a party to act. Pet'rs' Mot. to Modify Ruling of Comm'r at 15. Here, FutureSelect argues that compelling arbitration denies its right to a court trial by jury. *Id.* In addition, FutureSelect argues that discretionary review is warranted under RAP 2.3(b)(1) because the superior court committed an obvious error that would render further proceedings useless. *Id.* at 16 n.3. KPMG points out that FutureSelect did not in fact seek to appeal the superior court decision under RAP 2.3. "FutureSelect neither filed a notice for discretionary review under RAP 2.3 nor meaningfully argued in the Court of Appeals for review under RAP 2.3." KPMG LLP's Answer in Opp'n to Mot. to Modify at 14. The Court of Appeals had denied discretionary review of FutureSelect's appeal under RAP 2.3(b) back in 2011. Notation Ruling at 2. In 2016, the Court of Appeals commissioner dismissed FutureSelect's 2016 appeal as untimely. *Id.* at 2-4. In the absence of any argument by FutureSelect supporting discretionary review by the Court of Appeals in 2016, we decline to entertain this basis for belatedly accepting review.

Lastly, FutureSelect suggests the availability of discretionary review under RAP 1.2(c), which permits appellate courts to waive or alter the rules of appellate procedure "in order to serve the ends of justice." FutureSelect quotes selectively from RAP 1.2(a) and 1.2(c), but neglects to cross-reference the restrictions in RAP 18.8(b):

> The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section.

RAP 18.8(b). FutureSelect fails to identify any extraordinary circumstances or a gross miscarriage of justice that prompted it to swerve away from the arbitration it represented to the trial court it was pursuing without delay in 2011, and fails to justify allowing a second, untimely review of the order compelling arbitration five years after the fact. Here, the ends of justice favor the finality of the 2011 Court of Appeals decision, from which FutureSelect did not timely seek our review.

## CONCLUSION

FutureSelect's request for review is untimely. *Hill* provides no basis for belated review and at any rate was decided nearly two years before FutureSelect asserted it as a basis for the 2016 appeal of the 2011 order. Nor is there a basis for

treating the 2011 arbitration order as being immediately appealable after the 2016 EY judgment. Because the Court of Appeals properly recognized that FutureSelect's 2016 appeal of the 2011 order compelling arbitration was untimely, we affirm.[7]

---

[7] Regarding KPMG's additional motion to disqualify FutureSelect's counsel, Thomas, Alexander & Forrester, we need not decide this motion on the untimely appeal. KPMG requests "the next tribunal that takes jurisdiction over this case (to hear this appeal or the parties' underlying dispute, be it a court or in arbitration) should consider the motion to disqualify before allowing any further litigation on the merits." KPMG LLP's Mot. to Deem Already Fully Briefed Mot. to Disqualify as Filed and Pending at 1.

_____ Stephens, J.

WE CONCUR:

_____ Fairhurst, C.J.

_____ Wiggins, J.

_____ Johnson, J.

_____ González, J.

_____ Madsen, J.

_____ Gordon McCloud, J.

_____ Owens, J.

_____ Yu, J.