This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                            **A-1-CA-35184**

**VALENTIN JULIO GARCIA, a/k/a**
**VALENTINE GARCIA a/k/a JULIO GARCIA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
Charles W. Brown, District Judge

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM
MJ Edge, Assistant Appellate Defender
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

**{1}** This case comes to us by order of remand from our Supreme Court for further consideration in light of *State v. Le Mier*, 2017-NMSC-017, 394 P.3d 959. *See* Order at 1-2, *State v. Garcia*, No. S-1-SC-36389 (May 22, 2017). The State of New Mexico (the State) appeals the district court's November 18, 2015 decision, to grant Defendant Valentin Garcia's motion to exclude, claiming that exclusion of the evidence was an abuse of discretion under the circumstances. We hold on remand that the district court did not abuse its discretion.

**BACKGROUND**

**{2}** Defendant was indicted for trafficking heroin on January 5, 2015, and arraigned on May 15, 2015. The district court initially set a scheduling conference for June 12, 2015, but for some reason Defendant, who was in State custody, was not transported to the courthouse, and the conference was rescheduled. After another reset, the district court held a scheduling conference on August 26, 2015. At the conference, Defendant told the district court that the State had provided all discovery except for the State's chemist's drug analysis report "bench notes." Pursuant to the local case management pilot rule, LR2-400 NMRA (2014) (current version at LR2-308 NMRA), the district court assigned the case to Track 1 status, which required the district court to enter a scheduling order setting specific deadlines for discovery and trial. *See* LR2-400(G)(4)(a).

2

{3} The district court entered a scheduling order that same day memorializing the deadlines set at the conference. In relevant part, the scheduling order set the deadline for pretrial motions for September 1, 2015, and trial for a two-week trailing docket beginning on October 19, 2015. However, after Defendant made a motion to continue trial due to his being back and forth between federal and state custody, the court entered a new scheduling order setting trial for November 18, 2015. Neither order included a deadline for the production of results of scientific evidence. This being so, the deadline for production of results of scientific evidence defaulted to, at a minimum, ninety days before trial under LR2-400. *See* LR2-400(G)(4)(a)(viii). Both orders warned the parties, "If a party fails to comply with the dates outlined in this Scheduling Order, the Court shall impose sanctions. Sanctions may include, but are not limited to, dismissal with or without prejudice, suppression or exclusion of evidence, [or] a monetary fine[.]"

{4} The morning of the trial, Defendant filed a motion to exclude the State's chemist's drug analysis results and reports because the State allegedly failed to provide the chemist's "bench notes." After the district court agreed to hear the untimely filed motion, Defense counsel realized that the State did email him a copy of the "bench notes" after the initial scheduling conference on August 26, 2015. However, the district court noted that even if the State sent the "bench notes" on August 26, the State produced the notes less than ninety days before the November

3

18 trial. Defendant also alerted the district court that the chemist performed the drug analysis in December 2014, and thus, the State was required to disclose the "bench notes" at Defendant's arraignment pursuant to LR2-400 because it had them in its possession at that time.

{5}     At that point, the district court stated, "I'm going to grant the exclusion of any scientific test[,]" and dismissed the case with prejudice when the State admitted it could not go forward without the drug analysis. The district court did not explain its decision to exclude the evidence or mention any consideration of the factors identified in *State v. Harper*, 2011-NMSC-044, 150 N.M. 745, 266 P.3d 25, i.e., the culpability of the State, prejudice to Defendant or the court, or the availability of lesser sanctions. The district court subsequently entered an order stating, "Pursuant to LR2-400(I) this case is DISMISSED [with prejudice] for violation of the Rules contained in LR2-400 or of this Court's Scheduling Order. This dismissal is based on the following: The State did not provide scientific evidence 90 days prior to trial[.]" The district court did not discuss the *Harper* factors or further explain its decision to exclude in its order. This appeal followed.

{6}     On March 2, 2017, we issued a memorandum opinion reversing and remanding for the district court to consider lesser sanctions. *See State v. Garcia*, No. 35,184, mem. op. (N.M. Ct. App. Mar. 2, 2017) (non-precedential). After Defendant petitioned for a writ of certiorari, our Supreme Court remanded this case

4

to us for further consideration in light of its recent decision, *Le Mier*, 2017-NMSC-017. *See* Order at 1-2, *State v. Garcia*, No. S-1-SC-36389 (May 22, 2017). Given *Le Mier*'s holding that "[c]ourts must evaluate the considerations identified in *Harper*—culpability, prejudice, and lesser sanctions—when deciding whether to exclude a witness and must explain their decision to exclude or not to exclude a witness within the framework articulated in *Harper*," *Le Mier*, 2017-NMSC-017, ¶ 20, and given that the Supreme Court decided *Le Mier* after the district court's decision, we remanded this case for the "limited purpose of allowing the [district] court to provide a written explanation of its decision to exclude the evidence within the framework articulated in *Harper*, as clarified by *Le Mier*."

{7} In response to our order for limited remand, the district court entered an order with specific findings regarding the circumstances surrounding its decision to exclude the State's witnesses, which generally included the factual background described above and which we discuss in more detail below. In its order, the district court explained that it was operating under the strict timelines and requirements of LR2-400, which required it to impose sanctions for failure to comply with discovery obligations. The court found that "[t]he State violated [LR2-400] when, despite having ample time and being in possession of the evidence in question, the State failed [to] provide the evidence as required at arraignment, and further failed to timely provide the evidence well enough in

5

advance of trial, as required by [LR2-400]." The court also found that the State's "[f]ailure to timely provide discovery appears to have affected the ability of defense counsel to adequately prepare for trial." Given these facts, the district court concluded that "exclusion of the evidence [was] the most appropriate sanction."

**DISCUSSION**

{8}     As this case was filed after July 1, 2014, it was subject to local case management pilot rule, LR2-400. *See* LR2-400(B)(1). The rule requires the district court to assign the case to one of three tracks and issue a scheduling order that identifies the dates when events required by the track assignment must be scheduled. *See* LR2-400(G)(4). Parties to cases assigned to Track 1 must generally disclose results of any scientific evidence 120 days before trial. *See* LR2-400(G)(4)(a)(viii). However, if justified by good cause, a party may disclose the results later than 120 days, but in no event less than ninety days before trial. *Id.* The rule also requires parties in Track 1 cases to file pretrial motions not less than fifty days before trial. *See* LR2-400(G)(4)(a)(vi). If either party fails to comply with the above deadlines, "the court shall impose sanctions as the court may deem appropriate in the circumstances, including but not limited to reprimand by the judge, dismissal with or without prejudice, suppression or exclusion of evidence, and a monetary fine[.]" LR2-400(I). While LR2-400(I) makes sanctions mandatory

6

for violations of scheduling order deadlines, it provides the district court with discretion regarding the type of sanction to impose. *See id.*

{9} In addition to the scheduling requirements, LR2-400 requires the State to disclose "all information described in Rule 5-501(A)(1)-(6) NMRA," at the time of the defendant's arraignment, or within five days of the filing of a written waiver of arraignment. LR2-400(D)(1). Rule 5-501(A)(4) provides that the State must disclose "any results or reports . . . of scientific tests or experiments, . . . within the possession, custody or control of the state, the existence of which is known, or by the exercise of due diligence may become known to the prosecutor[.]" The State also has a "continuing duty to disclose additional information it receives to the defendant within five . . . days of [its] receipt." LR2-400(D)(3). Unlike scheduling violations, LR2-400 provides the district court with discretion to sanction the State for discovery violations. *See* LR2-400(D)(4) ("If the state fails to comply with any of the provisions of this rule, the court *may* enter such order as it deems appropriate under the circumstances[.]" (emphasis added)).

{10} We review the district court's imposition of sanctions for an abuse of discretion. *See Le Mier*, 2017-NMSC-017, ¶ 22. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). "In reviewing the district court's decision, [appellate courts] view[] the evidence . . .

7

and all inferences . . . in the light most favorable to the district court's decision." *Id.* ¶ 22. To determine whether the imposition of severe sanctions, such as the exclusion of key evidence, is proper, our Supreme Court has instructed courts to consider: "(1) the culpability of the offending party, (2) the prejudice to the adversely affected party, and (3) the availability of lesser sanctions." *Id.* ¶ 15 (citing *Harper*, 2011-NMSC-044, ¶ 16). However, "*Harper* did not establish a rigid and mechanical analytic framework. Nor did *Harper* embrace standards so rigorous that courts may impose witness exclusion only in response to discovery violations that are egregious, blatant, and an affront to their authority." *Le Mier*, 2017-NMSC-017, ¶ 16. Thus "it is not the case that witness exclusion is justified only if all of the *Harper* considerations weigh in favor of exclusion." *Le Mier*, 2017-NMSC-017, ¶ 20.

{11} As an initial matter, the State argues that the district court abused its discretion by imposing a sanction for disclosing the "bench notes" within ninety days of trial, in violation of LR2-400(G)(4)(a)(viii), because the court set trial for less than ninety days from the scheduling conference. However, the State failed to preserve this argument. By the time the court held the scheduling conference on August 26, 2015, LR2-400 had already been in effect for over six months. *See* LR2-400 (listing effective date as February 2, 2015). Thus, the State was undoubtedly aware of its obligations under the rule at that time, including the

8

deadline for providing results of scientific evidence. The State was also aware that it had not provided the "bench notes" to Defendant because Defendant told the district court at the conference that he had not received them, and the State emailed the notes to Defendant after the conference. This being so, the State should have been aware of the potential violation as soon as the district court set the date of trial within ninety days. However, the State failed to alert the district court to the potential conflict and instead accepted the court's deadlines without objection. Therefore, the State's argument that it was an abuse of discretion to impose a sanction for violating LR2-400(G)(4)(a)(viii) is unpreserved and we do not consider. *See* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)). Moreover, the State does not appear to dispute that it was in possession of the "bench notes" at the time of Defendant's arraignment, and therefore, the district court had the discretion to sanction the State for violating LR2-400(D)(1) and LR2-400(D)(3).

{12} The State next argues that the district court abused its discretion by considering and ruling on Defendant's untimely motion. However, "[a] district court is not prevented from imposing a sanction . . . for discovery violations once

9

the motions deadline has passed." *State v. Lewis*, 2018-NMCA-019, ¶ 17, 413 P.3d 484. While Defendant had the "bench notes" since August 26, 2015, defense counsel did not realize this until the morning of trial. Despite Defendant's oversight, the district court still had an interest in hearing the motion to determine if the parties were complying with their discovery obligations. *See Le Mier*, 2017-NMSC-017, ¶ 29 ("[O]ur courts are encouraged to ensure the timely adjudication of cases, to proactively manage their dockets, and to utilize appropriate sanctions to vindicate the public's interest in the swift administration of justice."). Therefore, we conclude that the district court did not abuse its discretion in considering the untimely motion. While the district court may have been obligated to sanction Defendant for filing his motion past the deadline, *see* LR2-400(I), the State did not make this argument below. Thus, this argument is unpreserved and we need not address it. *See* Rule 12-321 ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

{13} Finally, the State argues that the district court abused its discretion by imposing the sanction of exclusion without adequately considering the *Harper* factors. While it is true that the district court did not discuss the *Harper* factors in its original order granting Defendant's motion to exclude, it issued a detailed order upon limited remand that included specific findings regarding the State's discovery violations. We conclude that this order provides us with an adequately developed

10

record for us to substantively review for consideration of the *Harper* factors, which we do so now.

{14} With respect to the first *Harper* factor, the culpability of the offending party, we note the following facts, which the district court considered upon limited remand in making its determination that witness exclusion was the appropriate sanction. The State was required to disclose "all information described in Rule 5-501(A)(1)-(6) NMRA," at the time of Defendant's arraignment under LR2-400(D)(1). The State was also under a continuing duty to disclose additional information it received within five days of its receipt. LR2-400(D)(3). The State does not dispute that it had the "bench notes" at the time of Defendant's arraignment in May. Yet, as the district court found upon limited remand, "[D]espite having ample time and being in possession of the evidence in question, the State failed [to] provide the evidence as required at arraignment[.]" Moreover, the State did not provide the "bench notes" until August 26, less than ninety days before trial, in violation of LR2-400(G)(4)(a)(viii). By waiting to turn over the "bench notes" for months, the State violated multiple rules of discovery that had clear deadlines. Given these facts, we cannot say that the district court erred in finding the State culpable. *See Le Mier*, 2017-NMSC-017, ¶ 24 ("While here the violations were multiple, a single violation of a discovery order may suffice to support a finding of culpability. Moreover, the court's orders were clear and

11

unambiguous, and the violation of clear and unambiguous orders is only further proof of culpable conduct.").

**{15}** With respect to the second *Harper* factor, prejudice to the adversely affected party, *Le Mier* explains that any discovery violation necessarily involves some amount of prejudice to the defendant and the court. *See Le Mier*, 2017-NMSC-017, ¶ 25 ("When a court orders a party to provide discovery within a given time frame, failure to comply with that order causes prejudice both to the opposing party and to the court."). Upon limited remand, the district court found that "[f]ailure to timely provide discovery appears to have affected the ability of defense counsel to adequately prepare for trial." The State argues that Defendant could not have been prejudiced because he actually had the "bench notes" since the August 26 scheduling conference. However, this ignores the fact that Defendant was entitled to the "bench notes" at the time of his arraignment, over three months before the scheduling conference. *See* LR2-400(D)(1). Moreover, the State's failure to comply with its discovery obligation prejudiced the court by requiring it to dedicate its time and resources to the needless and wasteful task of ensuring compliance with basic discovery rules. *See Le Mier*, 2017-NMSC-017, ¶ 26 ("The State's inability to provide . . . correct witness addresses required the court to dedicate its time and resources to a needless and wasteful cause: ensuring compliance with basic discovery rules and orders. . . . [T]he court's time was

12

wasted, and this is prejudicial."). Therefore, the State's actions resulted in at least some degree of prejudice to Defendant and the district court.

**{16}** Lastly, with respect to the third *Harper* factor, the availability of lesser sanctions, we note *Le Mier*'s guidance that the district courts are "not obligated to consider every conceivable lesser sanction before imposing witness exclusion. . . . Rather, the court[s are] only required to fashion the least severe sanction that best fit the situation *and* which accomplished the desired result." *Id.* ¶ 27. While the record does not show an explicit consideration of lesser sanctions, we specifically remanded this case back to the district court to re-examine its ruling in light of *Harper* and *Le Mier*, and, therefore, we will assume the court was aware of its duty to consider lesser sanctions. Upon limited remand, the court issued an order detailing the State's actions and concluded, "[I]n this case, exclusion of the evidence is the most appropriate sanction." The district court was in the best position to determine the least severe sanction that would accomplish its desired result, and it is not our job to "second guess our courts' determinations as to how their discretionary authority is best exercised." *Le Mier*, 2017-NMSC-017, ¶ 17. While we express some concern with the severity of the sanction imposed in light of the fact that Defendant had the "bench notes" since the scheduling conference, given the district court's broad discretion to impose sanctions and our imperfect understanding of the proceedings we review, we cannot say that this was "clearly

13

against the logic and effect of the facts and circumstances of the case." *Id.* ¶ 22 (internal quotation marks and citation omitted).

**CONCLUSION**

**{17}** For the foregoing reasons, we affirm the district court's order granting Defendant's motion to exclude.

**{18}** **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**J. MILES HANISEE, Judge**


_____

**HENRY M. BOHNHOFF, Judge Pro Tempore**

14