
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BREANNA SANGER and DYLAN CLARK, wife and husband, and the marital community composed thereof, and BREANNA SANGER as guardian of P.C., a minor, | ) ) ) ) ) | No. 40833-7-III |
| | ) | |
| Appellants, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| MNM ENTERTAINMENT, LLP dpa MAX AIR TRI-CITIES, a Washington Limited Liability Partnership, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

COONEY, J. — Breanna Sanger and Dylan Clark, the parents of P.C., a minor, (collectively "Sangers"), brought negligence and parental consortium claims against MNM Entertainment, LLP, (MNM) as a result of injuries P.C. sustained at a MNM trampoline facility. Prior to P.C. using the facility, Mr. Clark signed a participation agreement on P.C.'s behalf that contained a mandatory arbitration provision. Per the

provision, MNM moved the superior court for an order compelling arbitration. The court granted MNM's motion and dismissed the complaint without prejudice to the Sangers' right to pursue arbitration under the agreement.

The Sangers appeal arguing: (1) parents cannot waive their child's constitutional right to a jury trial; (2) P.C. cannot be precluded from pursuing her claims in court under the doctrine of equitable estoppel; and (3) case law holding that P.C. can be estopped from pursuing her claims violates her right to equal protection. We decline to review the Sangers' claimed errors and dismiss this appeal as it was brought in contravention of the RAPs.

BACKGROUND

On May 11, 2023, then three-year-old P.C. was injured at Max Air Tri-Cities (Max Air), a trampoline park. Mr. Clark signed a participation agreement on P.C.'s behalf that contained a mandatory arbitration provision before P.C. accessed Max Air. The Sangers filed a complaint against MNM, doing business as Max Air, alleging negligence and a parental consortium claim following P.C.'s injury.

MNM requested the Sangers arbitrate the claim under the participation agreement, and the Sangers declined. MNM then filed a motion to compel arbitration. The Sangers responded that (1) Mr. Clark was unable to waive P.C.'s right to a jury trial, (2) that the arbitration provision was procedurally unconscionable, and (3) that P.C. was not estopped from seeking a jury trial by Mr. Clark signing the participation agreement.

2

The trial court ultimately granted MNM's motion to compel arbitration and dismissed the Sangers' claims without prejudice to the Sangers' right to pursue arbitration under the agreement.

The Sangers timely filed a notice of appeal seeking "review by the Washington State Supreme Court of the Order Granting [MNM's] Motion to Compel Arbitration."[1] Notice of Appeal to Supreme Court, *Sanger v. MNM Ent., LLP*, No. 103435-1 (Wash. Sept. 3, 2024). The Supreme Court transferred the matter to this court. Order, *Sanger v. MNM Ent., LLP*, No. 103435-1 (Wash. Dec. 4, 2024).

### ANALYSIS

A threshold issue to our review is the appealability of a trial court's order compelling arbitration, though neither party adequately addressed the issue in their opening briefs.[2] Following oral argument, we requested the parties answer two questions:

> (1) whether this appeal comes within the scope of decisions reviewable under RAP 2.2(a); and, if not,

---

[1] Notably, the Sangers did not appeal the trial court's order dismissing their claims without prejudice.

[2] In their opening brief, the Sangers, citing *Herzog v. Foster & Marshall, Inc.*, 56 Wn. App. 437, 445, 783 P.2d 1124 (1989), write, "An order compelling arbitration is appealable as a matter of right." Br. of Appellants at 10. *Herzog* held the exact opposite. The court in *Herzog* held "that an order denying a motion for stay pending arbitration is appealable as of right under the language of RAP 2.2(a)(3)." *Herzog*, 56 Wn. App. at 445.

(2) whether this appeal comes within the scope of decisions reviewable under RAP 2.3(b).

Letter from Commissioner Hailey Landrus, *Sanger v. MNM Ent., LLP*, No. 40833-7-III (Wash. Ct. App. Dec. 8, 2025). Both parties timely filed supplemental briefing.

The rules of appellate procedure provide two methods for seeking review of a trial court's decision: "[r]eview as a matter of right, called 'appeal,'" under RAP 2.2 and "[r]eview by permission of the reviewing court, called 'discretionary review'" under RAP 2.3. RAP 2.1(a)(1), (2).

RAP 2.2(a)—APPEAL

*Order Compelling Arbitration*

The Sangers filed an appeal under RAP 2.2(a) of the order compelling arbitration.[3] An order compelling arbitration is not subject to direct review under RAP 2.2(a).

The Uniform Arbitration Act (UAA), chapter 7.04 RCW, applies to agreements to arbitrate. RCW 7.04A.030(2). The participation agreement before us contains an agreement to arbitrate "disputes, claims, or controversies" arising out of or related to the agreement. Clerk's Papers at 27. Thus, the UAA applies.

Under the UAA, an appeal may be taken from:

---

[3] It appears the Sangers seek reversal of the order compelling arbitration only as it relates to P.C. Although Ms. Sanger was not a signatory to the contract, the Sangers fail to address whether Mr. Clark, as the signatory, can waive Ms. Sanger's right to a jury trial.

(a) An order denying a motion to compel arbitration;
(b) An order granting a motion to stay arbitration;
(c) An order confirming or denying confirmation of an award;
(d) An order modifying or correcting an award;
(e) An order vacating an award without directing a rehearing; or
(f) A final judgment entered under this chapter.

RCW 7.04A.280(1). Conspicuously absent from RCW 7.04A.280(1) is the authority for

a party to appeal an order *granting* a motion to compel arbitration.

The Sangers argue, "the [UAA] does not prohibit appeals from orders

granting motions to compel arbitration—it simply does not list such orders among those

expressly authorized for appeal." Appellants' Br. in Support of Review at 15. Under the

maxim *expressio unius est exclusio alterius*, we disagree. Because the legislature

specifically designated, in the UAA, the orders on which an appeal may be taken, there is

an inference that the legislature intentionally excluded all other orders from being

immediately appealable. *See In re Pers. Restraint of Bowman*, 109 Wn. App. 869, 875,

38 P.3d 1017 (2001).

Consistent with the UAA, our Supreme Court has held that a trial court's order

granting a motion to compel arbitration is not appealable as a matter of right whereas an

order *denying* a motion to compel arbitration is immediately appealable. *See*

*FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 190 Wn.2d 281, 287-

88, 413 P.3d 1 (2018); *Hill v. Garda CL Nw., Inc.*, 179 Wn.2d 47, 54, 308 P.3d 635

(2013). The Supreme Court reasoned, "'If a trial court does not compel arbitration and

there is no immediate right to appeal, the party seeking arbitration must proceed through costly and lengthy litigation before having the opportunity to appeal, by which time such an appeal is too late to be effective.'" *Hill*, 179 Wn.2d at 54 (quoting *Stein v. Geonerco, Inc.*, 105 Wn. App. 41, 44, 17 P.3d 1266 (2001)).

*Order of Dismissal Without Prejudice*

The Sangers argue in their supplemental brief that the order dismissing their claims without prejudice is appealable as a matter of right under RAP 2.2(a). We are unpersuaded by their argument for two reasons. First, the Sangers did not appeal the order dismissing their claims without prejudice. *See* Notice of Appeal to Supreme Court, *supra*.

Secondly, the Sangers' initial reference to the order of dismissal was presented in their supplemental brief. Their opening brief does not address the order of dismissal, nor does it present any argument as to how the court erred in entering the order. Passing treatment of an issue or lack of reasoned argument is insufficient to merit this court's consideration. *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012). The only argument related to the order of dismissal offered by the Sangers is the appealability of the order found in their supplemental brief. The deferment of their argument deprived MNM of the opportunity to respond. *See City of Spokane v. White*, 102 Wn. App. 955, 963, 10 P.3d 1095 (2000).

The trial court's order compelling arbitration is not appealable as a matter of right under RAP 2.2(a). We decline to rule on whether the order of dismissal is appealable as a matter of right due to the Sangers' failure to appeal the order of dismissal and present a reasoned argument as to how the court erred in entering the order. Further, MNM was deprived of the opportunity to respond to the Sangers' argument as it was not raised in their opening brief.

RAP 2.3(b)—DISCRETIONARY REVIEW

In adherence to the UAA, the Supreme Court has held that a party may only seek discretionary review, under RAP 2.3, of an order compelling arbitration, not as a matter of right under RAP 2.2. *Saleemi v. Dr.'s Assocs., Inc.*, 176 Wn.2d 368, 376, 292 P.3d 108 (2013). The Sangers' desire for review should have been brought as a petition for discretionary review under RAP 2.3. Regardless of this procedural deficiency, this court may exercise its discretion and grant discretionary review on its own motion to serve the ends of justice. RAP 1.2(c). In applying the elements of RAP 2.3(b), we deny discretionary review.

RAP 2.3(b) allows for discretionary review (1) where "[t]he superior court has committed an obvious error which would render further proceedings useless," or (2) where "[t]he superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act." Citing *Scott v. Pacific West Mountain Resort*, 119 Wn.2d 484, 834 P.2d 6 (1992),

the Sangers argue we should grant discretionary review under RAP 2.3(b)(1) because the trial court committed an obvious error that would render further proceedings useless. In *Scott*, our Supreme Court held that "a parent does not have legal authority to waive a child's own future cause of action for personal injuries resulting from a third party's negligence." 119 Wn.2d at 492. Here, P.C.'s parents have not waived her future cause of action for injuries she sustained due to MNM's purported negligence. Rather, P.C.'s parents have consented to a form of alternative dispute resolution that could resolve her claims outside of traditional court litigation. This does not amount to an obvious error that would render further proceedings useless.

The Sangers have failed to establish that the trial court committed an obvious error that would render further proceedings useless. Rather, they merely present a debatable issue about the constitutional infirmity of the arbitration provision of the participation agreement.

The Sangers next argue we should grant discretionary review under RAP 2.3(b)(2). Without addressing the first element of RAP 2.3(b)(2), whether the court has committed probable error, we conclude the Sangers have failed to demonstrate the second element, that the order compelling arbitration alters the status quo or substantially limits their freedom to act. The order compelling arbitration provides an alternative avenue of resolving the Sangers' claims. The Sangers can challenge the validity of the arbitration provision if they are aggrieved following arbitration. *See Saleemi*, 176 Wn.2d at 376

("[W]e note with approval the Court of Appeals' rejection of the proposition that the failure to seek discretionary review of an order compelling arbitration waives a later challenge.").

The Sangers next argue that this "[c]ourt should accept review pursuant to RAP 2.3(d)(3) as the issue is of great public interest." Appellants' Br. in Support of Review at 10. RAP 2.3(d)(3) is irrelevant to the issue before us. RAP 2.3(d) applies to "review of a superior court decision entered in a proceeding to review a decision of a court of limited jurisdiction." Here, the superior court was not reviewing a decision entered by a court of limited jurisdiction.

Lastly, the Sangers argue that "[s]everal policy considerations support immediate appellate review." Appellants' Br. in Support of Review at 13. Although the claimed policy considerations may be compelling, the RAPs allow this court to grant discretionary review only if one of the enumerated provisions in RAP 2.3(b) is met. RAP 2.3(b) does not allow this court to accept discretionary review based on policy considerations.

The orders compelling arbitration and dismissing the Sangers' claims without prejudice are not subject to review as a matter of right under RAP 2.2. The Sangers have failed to demonstrate an entitlement to discretionary review under RAP 2.3. Consequently, we dismiss this appeal.

No. 40833-7-III
*Sanger v. MNM Entertainment*


A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Cooney, J.


I CONCUR:

_____
Staab, J.

No. 40833-7-III

LAWRENCE-BERREY, C.J. (concurring) — Breanna Sanger and Dylan Clark sought direct review by the Washington State Supreme Court of the trial court's order compelling arbitration. As an alternative to direct review, the Sangers asked the Supreme Court to transfer their appeal to this court, citing RAP 4.2(e)(1). Statement of Grounds for Direct Review, *Sanger v. MNM Ent.*, No. 103435-1, at 11 n.1 (Wash. Sept. 17, 2024). That rule permits transfer by the Supreme Court to this court of decisions *appealable as a matter of right*. On December 4, 2024, the Supreme Court transferred the Sangers' appeal to this court.

I concur with the majority that the order compelling arbitration is not appealable as a matter of right. This places us in an untenable situation of either following our rules of procedure or following the Supreme Court's transfer order. The transfer order did not cite a basis for transferring the Sangers' direct appeal to this court, so I presume it did so based on the Sangers' alternative argument, RAP 4.2(e)(1).

Were we to ignore RAP 4.2(e)(1) and consider accepting discretionary review, I would accept discretionary review under RAP 2.3(b)(2)—probable error substantially limiting the status quo. The trial court's order compelling P.C. and Ms. Sanger to arbitrate their claims is probable error.[1] And, compelling arbitration substantially alters the status quo by stripping them of their constitutional rights to a jury, protected by article I, section 21 of the Washington Constitution.

At this point, the Sangers might again petition the Supreme Court for review. If they do, I encourage the Supreme Court to accept review. These "participation agreements" allow owners of children's play centers to minimize their liability for dangerous conditions.[2] The full panoply of remedies should be available to

---

[1] In general, an agreement to arbitrate is not enforceable against a nonsignatory. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 810, 225 P.3d 213 (2009). Here, Ms. Sanger and P.C. are nonsignatories to the participation agreement.

However, nonsignatories may be bound by an agreement to arbitrate under principles of equitable estoppel. *Id.* at 811 n.22. Under principles of equitable estoppel, a party who knowingly exploits a contract for benefit cannot simultaneously avoid the burden of arbitrating. *Townsend v. Quadrant Corp.*, 173 Wn.2d 451, 461, 268 P.3d 917 (2012). One "knowingly exploits" a contract by bringing an action based on rights arising from the contract. *Id.* at 460-62. *But see Marshall v. Hipcamp Inc.*, 735 F. Supp. 3d 1283, 1296 (W.D. Wash. 2024) (construing "knowingly exploit" as referring to a plaintiff participating in the activity permitted by the contract, i.e., camping).

We are bound by *Townsend*, not *Marshall*. Here, Ms. Sanger's and P.C.'s causes of action are not dependent on the participation agreement; rather, they arise by common law. Therefore, the equitable estoppel exception does not apply to them, and they may avoid arbitration.

[2] For instance, here, the agreement (1) released the park from all liability, including negligence, to the fullest extent permitted by law; (2) created a covenant not to sue, releasing the park from all claims; (3) required binding arbitration of all claims, and (4) waived the participant's right to seek relief in court and have their claims decided by a jury or judge.

No. 40833-7-III
*Sanger v. MNM Ent.* (concurring)

nonsignatories. Providing nonsignatories to participation agreements the same remedies

they otherwise would have against businesses catering to children will not cause our

children's play centers to close, it will cause them to be safe.

_____
Lawrence-Berrey, C.J.